```
                                UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF FLORIDA

                                CASE NO. 09-81058-CIV-MARRA
                                MAGISTRATE JUDGE P.A. WHITE

CARL COREY HILL,                 :

        Plaintiff,               :        REPORT OF
                                          MAGISTRATE JUDGE
v.                               :

WEST PALM BEACH FLORIDA,         :

        Defendants.              :
_____
```

I. Introduction

The plaintiff Carl Corey Hill, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983, [DE# 1] while housed in the Mary Alice Fortin Center.[1]

This Cause is before the Court upon the initial screening of the complaint and memorandum pursuant to 28 U.S.C. §1915. (DE#1)

II. Analysis

A.  Applicable Law for Screening

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915. Because the plaintiff is not a prisoner, the relevant law for screening is as follows: As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

---

[1] It will be assumed that the plaintiff is proceeding in forma pauperis, as he has not paid the fee and is filing this complaint from a homeless shelter.

Sec. 1915 Proceedings in Forma Pauperis

\* \* \*

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

\* \* \*

(B) the action or appeal –

\* \* \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v.</u>

2

Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the

3

reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

B. Facts of the case

The plaintiff filed this claim while housed in the "Mary Alice Fortin Center". The address provided by the plaintiff is an outreach center of St. Ann Catholic Church designated for the homeless. The plaintiff alleges that he requires an "Emergency Pick Up" because, once he informed to the United States District Court, someone has been trying to kill him. He talks about a "prophesy" and claims that the Federal Bureau of Investigation and crooked Judges are involved in a conspiracy with all police departments. He talks about cocaine laundering and his file. However, the complaint fails to state a cohesive complaint.

C. Conclusion

To successfully state a complaint pursuant to 42 U.S.C. §1983, the plaintiff must demonstrate that a person or persons acting under color of state law was responsible for violating a constitutionally protected right. Polk County, supra. The plaintiff has failed to demonstrate any of the requirements of the statute. See: Twombly. As the plaintiff has filed nothing further in this

---

[2] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

case since the initial filing on July 2009, it is unclear whether he remains at the Homeless Shelter. Further it appears that he may no longer be litigating this case.

## III. Recommendation

This complaint should be dismissed, for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Objections to this Report may be filed within fourteen days following receipt.

Dated at Miami, Florida, this 12th day of July, 2010.

                                                                                    _____
                                                                                 UNITED STATES MAGISTRATE JUDGE

cc:   Carl Cory Hill, Pro Se
       2107 North Dixie Highway
       Mary Alice Fortin Center
       West Palm Beach, FL 33407
       Address of Record